# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| HOLLIS SHANNON WINFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-00889-DGK |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises from *pro se* Plaintiff Shannon Winfrey's allegations that Defendant Ford Motor Company ("Ford") discriminated against him based on his disability and retaliated against him when it terminated his employment. He alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA"), and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 to 213.137 ("MHRA"), as well as common law claims of breach of contract, negligence, and intentional or negligent infliction of emotional distress.

Now before the Court Ford's motion to dismiss (Doc. 10). Because Plaintiff's claims are either untimely, preempted, or insufficient to state a claim, the motion is GRANTED.

## Background[1]

Plaintiff began working for Ford as an assembly line worker in September 2015. In June 2017, Plaintiff sought medical treatment for right elbow pain. The on-site doctor restricted Plaintiff from pushing or pulling and lifting over five pounds with his right arm. The latter limitation was later reduced to two pounds. After being transferred to a new position because of his restrictions, Plaintiff

---

[1] These facts are taken from Plaintiff's Complaint (Doc. 1-1), as well as his charges filed with Equal Opportunity Commission ("EEOC") and the Missouri Human Rights Commission ("MCHR ") (Docs. 14-1, 14-2, 14-3). Although the charges were not attached to the Complaint, the Court takes judicial notice of them as public records. *See Faibisch v. U. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002).

claims his supervisors harassed him and forced him to perform tasks outside of his restrictions. Because of that, he filed a complaint with the company's labor relations department and was transferred to a new position the next day.

Plaintiff underwent elbow surgery in December 2017. Following the surgery, he was restricted from using his right arm. Once again, he was transferred to a new position but claims his new supervisors assigned him duties violating that restriction.

Based on this conduct, Plaintiff filed his first charge with the EEOC and MCHR in February 2018. That charge alleged disability discrimination and failure to accommodate his disability from June 29, 2017, until February 5, 2018 ("the 2018 Charge"). The EEOC issued Plaintiff a right-to-sue notice on February 16, 2018, and the MCHR issued a right-to-sue letter on limited portions of his charge on February 27, 2018. Plaintiff did not file suit within ninety days of receiving those letters.

Ford terminated his employment six months later—on August 23, 2018—while he was on medical leave for an unidentified disability. Almost a year later, on June 4, 2019, Plaintiff filed his second charge ("the 2019 Charge") with the EEOC and MCHR, claiming disability discrimination and retaliation based on his termination. He believes he was terminated because of his disability.

The EEOC issued Plaintiff a right-to-sue notice on the 2019 Charge on August 8, 2019. Five days later, the MCHR issued a notice terminating its proceedings related to the 2019 Charge because it was not filed within 180 days of the date of alleged unlawful conduct. Plaintiff filed this lawsuit on November 4, 2019.

**Standard of Review**

The court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

**I.      Plaintiff's claims arising from the 2018 Charge are DISMISSED as untimely.**

The MHRA and ADA require a plaintiff alleging discrimination or retaliation to file suit within ninety days of the issuance of a right-to-sue letter. Mo. Rev. Stat. § 213.111.1 ("Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual."); 42 U.S.C. § 12117(a) (provision of ADA incorporating ninety-day time period set forth for Title VII claims in 42 U.S.C. § 2000e–5(a)). Failure to do so renders the lawsuit untimely. *See Frazier v. Vilsack*, 419 F. App'x 686, 690 (8th Cir. 2011) (dismissing claims where Plaintiff failed to file suit within ninety days of receiving the right-to-sue letter).

Plaintiff received the right-to-sue notices from the EEOC and MCHR on the 2018 Charge in February 2018. Plaintiff filed this lawsuit on November 4, 2019, well outside of the ninety-day deadline. Thus, his claims related to the 2018 Charge—including all claims based on conduct occurring before February 2018—are untimely.

**II.     Plaintiff's MHRA claims arising from his 2019 Charge are DISMISSED as untimely.**

Before bringing a claim under the MHRA, a plaintiff must exhaust administrative remedies by timely filing a charge of discrimination with the MCHR and obtaining a right-to-sue letter. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). The exhaustion requirement is accomplished by filing a charge "giv[ing] notice of all claims of discrimination" with the MCHR within 180 days of the last date of the alleged discrimination or retaliation. *Id*. at 630; Mo. Rev. Stat.

3

§ 213.075 (setting the 180-day deadline for filing a charge under the MHRA).

As the MCHR declared in its notice of termination of proceedings, the 2019 Charge was untimely because it was filed 285 days after his termination date, which is the last date of the alleged discrimination or retaliation. Plaintiff's failure to his exhaust his administrative remedies forecloses his MHRA claims related to the 2019 Charge.

**III.** **Plaintiff's common-law claims are DISMISSED because they are preempted.**

The MHRA specifies that it and two other enumerated statutes "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. The issue, therefore, is whether Plaintiff's breach of contract, negligence, and intentional or negligent infliction of emotional distress claims arise out of an employment relationship. There is no doubt they do. They all arise from the same factual allegations underlying Plaintiff's MHRA claims. Accordingly, Plaintiff cannot maintain his common-law claims.[2] *See State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 27 (Mo. banc 2018) (holding the MHRA "supersedes and displaces . . . common law claims" because it "provides a fully comprehensive remedial scheme enveloping the remedies available for the common law claims.").

**IV.** **Plaintiff's remaining ADA claims are DISMISSED because they fail to state a claim.**

Plaintiff's only remaining claims are for discrimination and retaliation under the ADA arising from the 2019 Charge. But neither of these counts, as pled, state a claim upon which relief can be granted.

**A.** **Plaintiff has not stated a claim of disability discrimination.**

To establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must

---

[2] Plaintiff's negligence claim is also preempted by the Missouri's Workers' Compensation Law ("MWCL"), *see* Mo. Rev. Stat. § 287.120.2, and his breach of contract claim is further preempted by the federal Labor Management Relations Act ("LMRA"), *see* 29 U.S.C. § 185(a).

establish that he "(1) is disabled within the meaning of the ADA; (2) is a qualified individual under the ADA; and (3) has suffered an adverse employment decision because of the disability." *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 923 (8th Cir. 2018) (quoting *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930) (8th Cir. 2012)).

Here, Plaintiff lists his disabilities as a right elbow injury and a hearing impairment. The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2(g). The record is completely devoid of any factual allegations concerning his hearing impairment, so it cannot serve as a basis for his ADA claim. As for his right-elbow injury, Plaintiff does not allege how it limited one or more major life activities at the time of his termination, or even at the time he went on medical leave. The last date Plaintiff states he was restricted from using his arm was January 2018, immediately after his right-elbow surgery, and he does not allege that he had elbow pain or medical restrictions on his arm use leading up to his termination. Accordingly, he has failed to allege that he has a disability under the ADA.

But, even if Plaintiff's elbow injury was considered a disability, he has not sufficiently pled that he was a qualified individual under the ADA. He fails to assert any facts establishing that he was able to perform the essential functions of his job with or without a reasonable accommodation, which is detrimental to his claim. *See Moses*, 894 F.3d at 923 (holding that to be considered as qualified under the ADA, the individual must be able to "perform the essential functions of the job either with or without reasonable accommodation."). He also has not pled any facts explaining how his termination was connected with his elbow injury. That he was on medical leave when he was terminated is insufficient to establish a causal connection. Accordingly, Plaintiff has failed to state a

5

disability-discrimination claim under the ADA.

### B. Plaintiff has not stated a claim of retaliation.

"A *prima facie* case of retaliation requires the plaintiff to show (1) [he] engaged in statutorily protected activity; (2) [he] suffered an adverse employment action; and (3) a causal connection between the two." *Id*. at 924 (quoting *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016)) (brackets in original). "Under the ADA, a retaliation claim 'requires a but-for causal connection between the employee's assertion of her ADA rights and an adverse action by the employer.'" *Id*. (quoting *Oehmke*, 844 F.3d at 758).

Even construing the facts—and the 2019 Charge—in Plaintiff's favor, his only factual allegation related to retaliation is that he was fired while on medical leave. But Plaintiff provides no causal link between his medical leave and his termination. For example, he does not allege when he requested leave or went on leave, or provide any facts suggesting that his supervisors were antagonistic towards him leading up to his termination. Thus, he has failed to plead but-for causation, and his retaliation claim fails.

### Conclusion

Ford's motion (Doc. 10) is GRANTED. Plaintiff's ADA disability-discrimination and retaliation claims are DISMISSED WITHOUT PREJUDICE. All remaining claims are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date: April 1, 2020          /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT